```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


CHAD A. PORTER,                   )
                                  )
            Plaintiff,            )
                                  )
      vs.                         )     No. 4:07-CV-1449 CEJ
                                  )
SAFECO INSURANCE CO. OF           )
ILLINOIS, et al.,                 )
                                  )
            Defendants.           )
```

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to remand this removed action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis), pursuant to 28 U.S.C. § 1446(b). Plaintiff asserts that the case must be remanded because the defendants did not consent to removal within the statutorily-required time period. Defendant State Farm Mutual Automobile Insurance Company has responded to plaintiff's motion. Defendant Safeco Insurance Company of Illinois has not responded, and the time allowed for doing so has expired.

**I.   Background**

Plaintiff alleges that he was a passenger in a car that was involved in an accident on July 7, 2005, resulting in serious injuries to his shoulder, neck, and back. At the time of the incident, plaintiff claims that he was insured under policies of insurance issued by Safeco and State Farm. Plaintiff filed suit against defendant Safeco in state court on December 22, 2006, seeking coverage under the underinsured motorist clause of the

Safeco policy. Defendant Safeco filed an answer to plaintiff's petition on February 15, 2007.

On July 20, 2007, plaintiff filed a first amended petition in state court, adding State Farm as a defendant. The amended petition was mailed to State Farm and to Safeco on July 23, 2007.[1] On August 14, 2007, State Farm removed the case to this Court pursuant to 28 U.S.C. § 1441, asserting jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. On August 20, 2007, defendant Safeco filed an answer in the removed case. On August 27, 2007, thirty-five days after the amended petition was mailed, defendant Safeco filed its consent to removal.

**II. Discussion**

In his motion, plaintiff argues that the failure of all defendants to join in the removal within the statutory time period prescribed in 28 U.S.C. § 1446 requires the Court to remand this action to the state court.

The procedure for removal of a case to federal court is governed by 28 U.S.C. § 1446. The statute provides that a defendant's notice of removal must be filed within thirty days of the receipt of service of the plaintiff's petition.[2] 28 U.S.C. §

---

[1] Plaintiff states that State Farm waived service of the amended petition. Under Missouri Supreme Court Rule 54.16, a summons and petition may be served on a nonresident corporate defendant by mail. Thus, service on State Farm by mail was effective even without a waiver.

[2] The petition referred to in the statute is either the initial pleading or, if the case stated by the initial pleading is not removable, the amended pleading from which it can first be ascertained that the case is removable. 28 U.S.C. § 1446(b). In

2

1446(b). The petition referred to in the statute is either the initial pleading or, if the case stated by the initial pleading is not removable, the amended pleading from which it can first be ascertained that the case is removable. 28 U.S.C. § 1446(b). Here, the limit of the Safeco policy is $50,000; thus, the claim in the initial petition did not meet the amount in controversy requirement for diversity jurisdiction and the case was not then removable. When the petition was amended to include State Farm, whose policy limit was also $50,000, the case then became removable.

All defendants must join in the petition for removal, and "each defendant [must] officially and unambiguously consent to a removal petition filed by another defendant within thirty days of receiving the complaint." Moore v. Federal Ins. Co., 2006 WL 1382330 (W.D. Mo. 2006). This is so regardless of whether other, previously served defendants had filed such notices. Id., citing Murano Enterprises of Kansas, Inc. v. Z-Teca Restaurants, 254 F.3d 753, 756 (8th Cir. 2001). Under Murano, each defendant must file a notice of removal or consent to removal within thirty days of formal service of process. 254 F.3d at 756. See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354-55 (1999). The federal removal statute is to be strictly construed in favor of

---

this case, because the limit of the Safeco policy is $50,000, the case was not removable when first filed, but became so upon the amending of the pleading to include State Farm, with a policy limit that vaulted the amount in controversy over the $75,000 limit.

state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941).

State Farm argues that the date on which the statutory thirty days began to run was August 15, 2007, the date on which State Farm entered its appearance in state court for the purpose of removing the case. This date is irrelevant to the issue before the Court, *i.e.*, whether defendant Safeco consented to the removal by State Farm within the required time period.

The record reflects that copies of the first amended petition were mailed to State Farm and to Safeco on July 23, 2007. Missouri Supreme Court Rule 43.01(d) provides that service of process by mail is complete upon mailing. Thus, the date by which Safeco was required to consent to removal, pursuant to 28 U.S.C. § 1446(b), was August 22, 2007, which is thirty days after the first amended petition was mailed. Safeco did not file its consent to removal until August 27, 2007, five days after the statutory period had expired.

Defendant State Farm further argues that Safeco's answer, filed within the 30-day period, constituted implied consent to removal. Several courts have ruled that the mere filing of an answer, particularly when it is silent as to the issue of removal, does not demonstrate that the defendant unambiguously consents to removing the case to federal court. See, e.g., Unicom Systems, Inc. v. National Louis University, 262 F.Supp.2d 638, 642 n. 6 (E.D. Va. 2003) (collecting cases so holding); Local Union No. 172 v. P.J. Dick, Inc., 253 F.Supp.2d 1022, 1024-25 (S.D. Ohio, 2003) (noting

4

the "great weight of the case law" requires strict compliance with § 1446); and Production Stamping Corp. v. Maryland Casualty Co., 829 F.Supp. 1074, 1077 (E.D. Wisc. 1993) (noting, "because the time for filing an answer (20 days) expires before the deadline for unanimous consent (30 days), the filing of an answer may be no more than a careful lawyer's decision to avoid the risk of default. . . . Because competing, reasonable inferences exist, the mere filing of an answer is hardly a clear, unambiguous expression of consent."); McMahon v. Fontenot, 212 F.Supp. 812, 817-18 (D.C. Ark. 1963) (finding that the filing of an answer by a non-removing joint defendant after the statutory time period had lapsed was not sufficient to confer jurisdiction over both defendants.).

Safeco's answer contained no clear, unambiguous expression of consent. Indeed, the answer was silent as to the issue of removal. As such, the answer cannot be deemed consent to removal as required by § 1446(b). Thus, the case must be remanded.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's motion to remand [# 10] is **granted.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis), from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 31st day of October, 2007.